UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Christopher Butts, *et al.*,      :
    Plaintiffs,               :
                            :
   v.                            :     File No. 2:06-CV-1
                            :
ConAgra Foods, Inc.,              :
    Defendant.                 :

ORDER
(Papers 115 and 120)

The plaintiffs in this case, each proceeding *pro se*, claim that they suffered illness and injury after eating chicken manufactured by defendant ConAgra.  Currently before the Court are two plaintiffs' motions.  The first seeks to admit into evidence two expert witnesses. (Paper 115).  This motion was filed in response to the Court's order, dated December 6, 2007 (Paper 114), granting the plaintiffs extra time in which to retain experts and have the chicken analyzed.  In that order, the Court required: "[p]rior to any testing, analysis, or other manipulation of evidence by an expert, the plaintiffs shall provide counsel fro ConAgra with the name of the expert, the expert's credentials, and the type and manner of the analysis to be performed."  (Paper 114 at 3).  The Court also allowed ConAgra time to submit relevant objections.

Plaintiff Christopher Butts responded by identifying two experts: (1) Ralph Persons, "a professional in chicken slaughtering who will physically, by sight, examine the 'chicken guts' to determine what it is exactly," and (2) Darren Beasley of the USDA, "who took down the info and is investigating the matter." (Paper 115). ConAgra then filed timely objections, characterizing the information provided as insufficient under Fed. R. Civ. P. 26 and the Court's order. (Paper 116).

Disclosure of experts is not an act that requires a motion, see Fed. R. Civ. P. 26(a)(2)(A) ("a party shall disclose to the other party . . ."), and any effort to admit their testimony into evidence is premature. The motion for admission of expert witnesses into evidence (Paper 115) is, therefore, DENIED without prejudice. When it comes time for an expert's opinion to be submitted to the Court through testimony, the Court will consider any relevant objections and rule upon its admissibility (for example, at trial or pursuant to motions *in limine* prior to trial).[1]

---

[1] In its December 6, 2007 order the Court allowed ConAgra to submit objections, largely to protect ConAgra's interest in

The second motion before the Court (Paper 120) relates to filings being submitted by Byron Martin. Martin is not a party and is not an attorney, but has been submitting filings on behalf of the plaintiffs since the beginning of this case. When the Court noted that Martin may have signed plaintiff Butts's name on a motion, it ordered Butts to submit an affidavit "attesting to (1) his involvement with this latest filing and (2) the authenticity of his signature at the bottom of the motion." Butts responded that he had authorized the filing, but conceded that Martin signed the motion using his name. He submitted his response in the form of a motion.

Leaving aside, for the moment, the substance of Butts's affidavit, there was no reason for it to be filed in the form of a motion. Accordingly, and purely as a matter of procedure, the motion (Paper 120) is DENIED. That said, the Court accepts Butts's affidavit as complying with its prior order, and has ruled on the motion in question. Going forward, however, Martin may

---

the evidence in the event that the plaintiffs' experts planned to perform any sort of destructive testing. The plaintiffs now report that any analysis will be "by sight."

not continue to sign filings on behalf of any *pro se* plaintiff.

The plaintiffs submit that they have granted Martin a "power of attorney" and have authorized him to sign their names on Court papers.  However, granting someone a power of attorney does not authorize that person to provide representation in Court.  See <u>Megna v. U.S. Dep't of the Navy</u>, 317 F. Supp. 2d 191, 192 (E.D.N.Y. 2004) (citing cases).  Under the Federal Rules, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented."  Fed. R. Civ. P. 11(a).  There is no provision for papers to be signed by a non-attorney third party on behalf of a litigant.  Consequently, the Court will not accept any further filings signed by anyone other than a party or his attorney.

Dated at Burlington, in the District of Vermont, this 19th day of March, 2008.

                /s/ William K. Sessions III
                William K. Sessions III
                Chief Judge, United States District Court